EDWARD G. SCHLOSS LAW CORPORATION
EDWARD G. SCHLOSS CA BAR NO. 102858
3637 Motor Avenue, Suite 220
Los Angeles, California 90034
(310) 733-4488
C515/cm

Attorney for Claimant/Secured Creditor
BAYVIEW LOAN SERVICING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. C 07-4432 |
| | ) |
| | ) |
| Plaintiff, | ) VERIFIED ANSWER BY |
| | ) CLAIMANT/SECURED CREDITOR |
| | ) BAYVIEW LOAN SERVICING TO |
| | ) PLAINTIFF'S COMPLAINT FOR |
| v. | ) FORFEITURE |
| | ) |
| REAL PROPERTY AND | ) |
| IMPROVEMENTS LOCATED AT 636 | ) |
| SAN PABLO AVENUE, ALBANY, | ) |
| CALIFORNIA, and | ) |
| | ) |
| REAL PROPERTY AND | ) |
| IMPROVEMENTS LOCATED AT | ) |
| 3959 COWAN ROAD, LAFAYETTE, | ) |
| CALIFORNIA, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Claimant/Secured Creditor, BAYVIEW LOAN SERVICING, LLC (herein

"Bayview"), hereby answers to the Plaintiff's Complaint for Forfeiture, as follows:

## NATURE OF THIS ACTION

1.      Answering Paragraph 1, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

## JURISDICTION

2.    Answering Paragraph 2, Claimant/Secured Creditor Bayview admits the allegations therein.

## PARTIES

3.    Answering Paragraph 3, Claimant/Secured Creditor Bayview admits the allegations therein.

4.    Answering Paragraph 4, Claimant/Secured Creditor Bayview admits the allegations therein.

## VENUE

5.    Answering Paragraph 5, Claimant/Secured Creditor Bayview admits the allegations therein.

## INTRADISTRICT ASSIGNMENT

6.    Answering Paragraph 6, Claimant/Secured Creditor Bayview admits the allegations therein.

## FACTS

### A. For a Number of Years, Winlsow Norton and Abraham Norton Have Been in the Business of Selling Marijuana

7.    Answering Paragraph 7, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

8.    Answering Paragraph 8, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

9.    Answering Paragraph 9, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

10.    Answering Paragraph 10, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

11.    Answering Paragraph 11, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

12.    Answering Paragraph 12, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

13.    Answering Paragraph 13, Claimant/Secured Creditor Bayview admits to the allegations therein.

14.    Answering Paragraph 14,  Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

15.    Answering Paragraph 15, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

16.    Answering Paragraph 16, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

17.    Answering Paragraph 17, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

18.    Answering Paragraph 18, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

19.    Answering Paragraph 19, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

20.    Answering Paragraph 20, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

**B. Purchase of Defendant 636 San Pablo Avenue**

21.    Answering Paragraph 21,  Claimant/Secured Creditor Bayview admits to the allegation that Winslow Norton and Abraham Norton obtained a loan in the original principal balance of $880,000.00, but has no information or belief sufficient to enable it to answer the remaining allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

22.    Answering Paragraph 22,  Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

23.    Answering Paragraph 23,  Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

24.    Answering Paragraph 24, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

25.    Answering Paragraph 25, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

26.   Answering Paragraph 26, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

27.   Answering Paragraph 27, Claimant/Secured Creditor Bayview admits that Winslow and Abraham submitted a loan application to Interbay Funding, LLC, Bayview's predecessor in interest. Claimant/Secured Creditor Bayview further admits that the first loan payment was due on August 1, 2007, and that the mortgage portion of the first loan payment was $8,405.46. As to the remaining matters set forth in paragraph 27 of the Complaint, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the remaining allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

**C.  Purchase of Defendant 3959 Cowan road**

28.   Answering Paragraph 28, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

29.   Answering Paragraph 29, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

30.   Answering Paragraph 30, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

31.    Answering Paragraph 31, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

32.    Answering Paragraph 32, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

33.    Answering Paragraph 33, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

34.    Answering Paragraph 34,  Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

**D.  The Only Earned Income of Winslow
and Abraham was from CCAC**

35.    Answering Paragraph 35, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

36.    Answering Paragraph 36, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

37.    Answering Paragraph 37, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

38.    Answering Paragraph 38, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

39.    Answering Paragraph 39, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

40.    Answering Paragraph 40, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

41.    Answering Paragraph 41, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

42.    Answering Paragraph 42, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

43.    Answering Paragraph 43, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

44.    Answering Paragraph 44, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

45.    Answering Paragraph 45, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

46.    Answering Paragraph 46, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

47.    Answering Paragraph 47, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

48.  Answering Paragraph 48, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

49.  Answering Paragraph 49, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

50.  Answering Paragraph 50, Claimant/Secured Creditor Bayview has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

**FIRST CLAIM - FORFEITURE PURSUANT TO 21 U.S.C. §881(a)(6)**
**(forfeiture of drug proceeds and property traceable to drug proceeds)**

51.  Answering Paragraph 51, Claimant/Secured Creditor Bayview incorporates its

responses to paragraphs 1 through 50 hereinabove.

52.  Answering Paragraph 52, Claimant/Secured Creditor Bayview admits to the

allegations therein.

53.  Answering Paragraph 53, Claimant/Secured Creditor Bayview  has no

information or belief sufficient to enable it to answer the allegations contained

therein, and basing its denial on that ground, denies generally and specifically

each, every, and all of the allegations contained therein, and the whole thereof.

**SECOND CLAIM - FORFEITURE PURSUANT TO 18 U.S.C. §981(a)(1)(a)**
**(forfeiture of property involved in violation of 18 U.S.C. §1957 - money laundering)**

54.     Answering Paragraph 54, Claimant/Secured Creditor Bayview incorporates its responses to paragraphs 1 through 53 hereinabove.

55.     Answering Paragraph 55, Claimant/Secured Creditor Bayview admits to the allegations therein.

56.     Answering Paragraph 56, Claimant/Secured Creditor Bayview admits to the allegations therein.

57.     Answering Paragraph 57, Claimant/Secured Creditor Bayview admits to the allegations therein.

58.     Answering Paragraph 58, Claimant/Secured Creditor Bayview admits to the allegations therein.

59.     Answering Paragraph 59, Claimant/Secured Creditor Bayview  has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

60.     Answering Paragraph 60, Claimant/Secured Creditor Bayview has no information or belief sufficient to enable it to answer the allegations contained therein, and basing its denial on that ground, denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.

61.     Answering Paragraph 61, Claimant/Secured Creditor Bayview denies generally and specifically each, every, and all of the allegations contained therein, and the whole thereof.


<u>AFFIRMATIVE DEFENSES</u>

As and for separate and affirmative defenses to the causes of action alleged in

the Complaint, Claimant/Secured Creditor Bayview alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action contained therein, fails to set forth facts sufficient to state a cause of action against this answering Claimant/Secured Creditor Bayview.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs, by its conduct, has waived any and all right to the recovery prayed for in this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs, by its conduct, is estopped from seeking the relief prayed for in this action.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged at all by the activities alleged in the Complaint, which damaged Claimant/Secured Creditor Bayview specifically denies, that damage resulted exclusively from the actions of Plaintiff and/or third parties over whom Claimant/Secured Creditor Bayview had and has no power or control, and Claimant/Secured Creditor Bayview is not responsible for the actions of those parties, or any damages resulting therefrom.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's conduct demonstrates its own unclean hands that should bar it from any equitable relief it is seeking in its complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct and voluntary acts or omissions proximity caused, or

1    otherwise contributed to the matter which Plaintiff now complains.

2

3                    SEVENTH AFFIRMATIVE DEFENSE

4
         Plaintiff is barred by the equitable doctrine of waiver from asserting any claim
5
6    against this answering  Claimant/Secured Creditor.

7                    EIGHT AFFIRMATIVE DEFENSE

8        The Complaint, and each purported cause of action contained therein, is stated

9
     in conclusory terms, and therefore there may be affirmative defenses that are not
10
     discernible from the present state of the pleadings.  Accordingly, Claimant/Secured
11
12   Creditor hereby reserves the right to add additional affirmative defenses if and to the

13   extent such affirmative defenses are applicable to this action.

14       WHEREFORE, Claimant/Secured Creditor Bayview prays as follows:

15       (1)  That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff

16
     takes nothing by this action.
17
18       (2)  To the extent Plaintiff obtains judgment that quiets title in their name,

19   Plaintiffs shall take title subject to the first deed of trust in the property under which

20   Claimant/Secured Creditor Bayview holds the beneficial interest, and that

21   Claimant's/Secured Creditor's lien shall be paid in full.

22
         (3)  That Claimant/Secured Creditor Bayview be awarded all costs incurred in
23
     this litigation, including all attorneys' fees incurred herein.
24

25   ///

26   ///

27   ///

28   ///


                              13

1

       (4)  For such further relief as the Court deems just and proper.

2

3    DATED: March 7, 2008       EDWARD G. SCHLOSS LAW CORPORATION

4

5                      By _____

6                         EDWARD G. SCHLOSS
                    Attorney for Claimant/Secured Creditor Bayview

7                    Loan Servicing, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>VERIFICATION</u>

I have read the foregoing Verified Answer, and know its contents. I am the Manager of Asset Management for Bayview Loan Servicing, LLC, which is a party to this action. I am authorized to make this verification for and on behalf of Bayview Loan Servicing, LLC, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March ___, 2008 at Coral Gables, Florida.


MICHAEL FLICK

PROOF OF SERVICE

I, REYNALDO DEL PILAR, certify that:

I am over the age of 18 and not a party to the within action; my business

address is 3637 Motor Avenue, Suite 220, Los Angeles, California 90034.

On March 10, 2008, I served the within VERIFIED ANSWER BY

CLAIMANT/SECURED CREDITOR TO PLAINTIFF'S COMPLAINT FOR

FORFEITURE on interested parties in this proceeding by placing a true and correct copy

thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at

Los Angeles, California addressed as follows:

PLAINTIFF'S COUNSEL:
PATRICIA J. KENNEY
ASSISTANT UNITED STATES ATTORNEY
450 GOLDEN GATE AVENUE
SAN FRANCISCO, C 94102

I declare that I am employed in the office of a member of the bar at whose

direction the service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2008, at Los Angeles, California.

_____
REYNALDO DEL PILAR

\\Schlossnew\sys\ANS\NORTON.ANS.wpd